**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
EUGENE ELWIN THOMAS EX
REL.,

                              Plaintiff,                    25 Civ. No. 7190 (MMG) (GS)

              -against-                                              ORDER

MORTGAGE ELECTRONIC
REGISTRATION SYSTEM
("MERS") et al.,

                              Defendants.
------------------------------------------------------------------X
**GARY STEIN, United States Magistrate Judge:**

     The Court is in receipt of the motion by Defendant Carrington Mortgage

Services LLC ("Carrington") for leave to file a motion to dismiss *instanter*.  (Dkt. No.

46).  Carrington submits this motion because it failed to file a responsive pleading

to Plaintiff's Amended Complaint when it was due on or about January 2,

2026.  Plaintiff has filed no opposition to Defendant's motion.  For the reasons set

forth below, Carrington's motion is **GRANTED**.

     Carrington initially received a copy of Plaintiff's Amended Complaint on

December 11, 2025.  (Declaration of Matthew J. Gordon, Dkt. No. 46-2 ¶ 10).  Upon

receipt, Defendant forwarded those materials to counsel via email.  (*Id.*).  However,

the email was not delivered because the Amended Complaint was too large for

counsel's email servers.  (*Id.*).  Counsel first learned of the service on January 28,

2026.  (*Id.*).  Counsel then promptly prepared and, on February 6, 2026, filed

Carrington's motion for leave to file along with its motion to dismiss. (*Id.*; *see* Dkt. No. 47).

These circumstances constitute excusable neglect under Fed. R. Civ. P. 6(b)(1)(B). Carrington's conduct may have been negligent, but there is no indication it has acted in bad faith or willfully. *See, e.g., Rodriguez v. 605 W. 42nd Owner, LLC*, No. 25 Civ. 8362 (VSB) (GS), 2026 WL 63246, at *2 (S.D.N.Y. Jan. 8, 2026) ("'The Second Circuit looks for bad faith or for at least something more than mere negligence before rejecting a claim of excusable neglect based on an attorney's or a litigant's error.'" (quoting *Jones v. Herbert*, No. 02 Civ. 0847E(F) (LGF), 2004 WL 3267285, at *2 (W.D.N.Y. Oct. 27, 2004)). Plaintiff will not be prejudiced by permitting Carrington to file its motion, as it will result in no "loss of evidence, increased difficulties of discovery, or greater opportunity for fraud and collusion." *Guangxi Nanning Baiyang Food Co. v. Long River Int'l, Inc.*, No. 09 Civ. 3059 (TPG), 2010 WL 1257573, at *5 (S.D.N.Y. Mar. 30, 2010). Moreover, Carrington acted with reasonable promptness in filing its motion for leave as well as the accompanying motion to dismiss within nine days of learning of its inadvertent default. *See, e.g., Ibbetson v. Saul*, No. 14 Civ. 7824 (KMK) (JCM), 2019 WL 3208432, at *3 (S.D.N.Y. June 25, 2019) (finding excusable neglect after more than four month delay in seeking to file a motion for attorney's fees), *R&R adopted*, 2019 WL 3202998 (S.D.N.Y. July 16, 2019).

Accordingly, Carrington's motion for leave to file its motion to dismiss *instanter* is **GRANTED**. Plaintiff's deadline to respond to Defendant's

motion at Docket Number 47 is set for March 23, 2026.  Should Plaintiff require an

extension as to this deadline, he must timely request one from this

Court.  Carrington's reply brief, if any, is due one week after service of Plaintiff's

opposition brief.

**SO ORDERED.**

DATED:    New York, New York
          February 24, 2026

_____

The Honorable Gary Stein
United States Magistrate Judge